IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT T. LOGSDON, )<br>)<br>Defendant. )<br>_____ ) | No. 06-10003-01-WEB |

**Memorandum and Order**

The court previously found the defendant Robert T. Logsdon not guilty of the offense by reason of insanity and ordered an evaluation pursuant to 18 U.S.C. §§ 4243(b) and 4247(c)(4)(C). Doc. 23. The Federal Medical Center in Rochester has now completed the evaluation and Mr. Logsdon has been returned to this district for a hearing. Accordingly, the matter came before the court on May 7, 2008, for a hearing pursuant to §4243(c) to determine if Mr. Logsdon can be released.

The court has before it the Risk Assessment Report of the Federal Medical Center in Rochester, Minnesota, dated November 14, 2007. In that report, the panel concluded that Mr. Logsdon suffers from a mental illness, specifically Schizoaffective Disorder, and that his release from custody would create a substantial risk of bodily injury to another person or serious damage to the property of another. The panel concluded that Mr. Logsdon's mental status was sufficiently stable that a conditional release under a prescribed regimen of mental health care could adequately control risks related to his mental illness, but that an appropriate placement was not yet available. The report provides that if the court were to commit Mr. Logsdon under §

4243(e), the FMC Rochester staff would notify the court if Mr. Logsdon remains appropriate for conditional release and such placement becomes available.

Neither of the parties had any evidence to submit to the court other than the Risk Assessment report. Having reviewed the report, the court hereby adopts its findings and conclusions.

Accordingly, pursuant to 18 U.S.C. § 4243(e), the court finds that Mr. Logsdon's release would pose a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect. The court therefore orders that Mr. Logsdon be committed to the custody of the Attorney General pursuant to § 4243(e). IT IS SO ORDERED this  7th  Day of May, 2008, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge